Wal-Mart Stores in New York City  09-1495 Nielsen v. Wal-Mart Leland Hutchinson v. Geofoundation Osram Tennessee case? Pardon? Tennessee case? The Tennessee case. That is correct, although that one has now been settled on appeal, where Mr. Nielsen has paid substantial fees to the FLEs to avoid coming to this court again. And by the way, Mr. Nielsen comes here with quite a record. I'm from Chicago, where I practiced in the Northern District of Illinois for 33 years, and our judges there have repeatedly found Mr. Nielsen to have engaged in misconduct, and three of our judges, Judge Gettleman, Judge Dara, and Judge Norville, all have sanctioned Mr. Nielsen. And Mr. Nielsen's conduct has not escaped notice of our Seventh Circuit Court of Appeals, which has observed his history of engaging in frivolous claims and frivolous litigation. So Mr. Nielsen and his so-called charitable foundation have a history, particularly in the Northern District, but also a history with this court. And I think my primary point and the most fundamental point is that this case comes up here on a record, a settled factual record, where seasoned and experienced district court judges found pretty bad behavior, and this court has affirmed those factual findings. And so now the issue is pretty simple. Based on this settled record of pretty serious, repeated misconduct, was it clear error for Judge Gettleman to find that this was an exceptional case? And I would respectfully suggest no. In fact, Judge Gettleman would have been gauged in clear error if he said to the contrary, after this court affirmed a finding on basically the same patents and same facts in Osram II. And it wasn't within Judge Gettleman's discretion to retry all of these factual issues. They came to him on a record that was settled. They came to him with a record where these underlying factual issues were all precluded. I do want to spend a minute about the litigation misconduct in this case, if I may. It's really window dressing because I think the law has settled that inequal conduct by itself can constitute grounds for a Section 285 finding. But here, like in the Osram case, we have litigation misconduct. And again, we have- Judge Gettleman made no rulings on litigation misconduct. Well, you won't find a section of his opinion labeled litigation misconduct, but you will find some statements that certainly go to that issue. He says this is a case that never should have been brought in the first place. This is a case that was not closed. It may have been just loose language. It may have been loose language or it may have reflected his feeling that there was actually litigation misconduct. We can all read what he said. He says it wasn't closed. It shouldn't have been brought in the first place. He says that if this is not an exceptional case, this court fails to see what it is. And you can all read it for what it's worth. You can also affirm on any basis in the record, and there certainly is a basis in the record, to conclude that there was litigation misconduct here. My point is that Judge Gettleman is an experienced district court judge, and the review of his finding here is an entirely deferential one. And on this record, you cannot hardly conclude that he engaged in clear error. Do I recall correctly that you have a motion pending for a frivolous appeal? Yes, we do. And I'll touch on that. And you can see the frivolity in the brief where Nielsen repeatedly makes legal arguments about his perceived additional requirements for Section 285 funding. He argues that there should be a fraud element to Section 285. He argues that inequitable conduct standing alone should not qualify for Section 285. He argues that there should be an impact on the patentability requirement. Yet this court in Osram 2 expressly rejected that legal argument. And I have the quote here. I'll just read it quickly. Appellants urged this court to reverse the district court's finding of any exceptional case because exceptionality, in their view, requires a showing of fraud. And Nielsen's inequitable conduct was benign, had little impact on patentability, and therefore was not fraudulent. We disagree with the appellant's interpretation of the law. Well, that's settled binding precedent. There's not been any en banc review by this court. There's not been any statutory change. There's not been any intervening U.S. Supreme Court decision. But they're here making the same arguments again. And that is the hallmark of a frivolous appeal, making the same legal arguments again that have been rejected without any good excuse, without any good basis. They're just ignoring. They choose just to ignore the fact that they lost. They raised the same exact legal issues, and they lost. And that is the hallmark of a frivolous case under Rule 38, the Federal Rules of Civil Procedure. So in summary, this case comes to this court with history, a history where the underlying factual issues have been determined and are resolved, and a history where the underlying legal issues have been expressly presented and considered to this court and rejected. And on this record, it would be a grave injustice even to suggest that Judge Gettleman, an experienced federal district court judge, committed clear error by not finding this was an exceptional case, clearly within his discretion. And I thank you for your time today. Thank you. Questions? With respect, there is history in this case. But one point of history that I would suggest to the court that you cannot consider is Mr. Anderson's comment that Mr. Nilsen is essentially a bad guy that has been found guilty of inequitable conduct in other cases on other records for conduct that's not relevant here. There is no rule in the law that I'm aware of that says that if someone commits inequitable conduct once, they are barred from the patent system essentially and can never litigate any other patents again. That's essentially the standard he's arguing for. The record here has got to be considered on its own merits. Yes, this court in the Osram 2 decision did say that they affirmed Judge Dara on the record of inequitable conduct alone in that case as well as on litigation misconduct. But the record on inequitable conduct in that case was far more broad and rich than it was here. There were affidavits that were found to be falsely submitted, not relevant here. There were prior art patents that were found to be withheld, not relevant here. If you want to take a look at the claim chart that's at pages 1677 to 1706 of the record and compare that with Judge Dara's ruling at 440 F subsecond 896 to 98, you'll find that all of the claims held in Osram 2 that were unenforceable because of withheld prior art, none of those claims are asserted in this case. This court has continually held from Kingsdown Medical on that the litigation misconduct or the inequitable conduct has got to be relevant to a matter in litigation. So you have to consider only the conduct in question in this record. And that's one of our real problems with Judge Gettleman's ruling. He did not carefully consider, he did not in fact consider at all the conduct of record in this case. He merely got to the point of saying, well, you lost in Osram, you must lose here because some of the same patents in Osram are also present here. In our opposition to the sanctions motion, we cite U.S. versus Philip Morris. This is at page 4 to 5 of our opposition. A case in which the government showed the tobacco company to have committed an extensive fraud. And three federal district courts since that ruling have refused to apply preclusive effect to a subset of the findings in that much broader case because there was no showing that the subset of findings was outcome determinative. In order for preclusive effect to occur, you've got to show that that was the reason for the decision. Now, there was certainly a decision in Osram that we do not question, but there were other reasons supporting the inequitable conduct and exceptionality determinations in that decision that are not part of this record. This record needs to be considered on its own and it falls short when it does. Thank you. Thank you. Case is submitted.